IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| JOHN GOIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | No. 06-2165-KHV |
| STATE OF KANSAS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER**

Plaintiff brings suit against the State of Kansas, the Kansas Board of Regents, the Kansas State University of Agriculture and Applied Science ("the University") and John Doe numbers one through 10. Plaintiff alleges breach of contract and seeks money damages and a Master of Business Administration degree. This matter comes before the Court on Defendant Kansas State University's Fed. R. Civ. P. 12(b)(5) Motion To Dismiss (Doc. #5) filed October 2, 2006. Plaintiff has not opposed the motion. For reasons set forth below, however, the Court finds that the motion should be overruled.

Defendant asks the Court to dismiss all claims against it for insufficiency of service of process under Rule 12(b)(5), Fed. R. Civ. P. Specifically, defendant argues that service was insufficient because plaintiff directed service of process through certified mail to the Office of the President of Kansas Sate University.

Under Kansas law, the University is a state educational institution, see K.S.A. § 76-711(a), and is considered a state agency and state institution, see K.S.A. § 76-712. Rule 4(j), Fed. R. Civ. P., therefore directs proper service of process, providing as follows:

> Service upon a state, municipal corporation, or other governmental organization subject to suit shall be effected by delivering a copy of the summons and complaint to its chief executive

officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant.

Fed. R. Civ. P. 4(j)(2). Kansas law further provides that service upon the State or any of its agencies shall be made "by serving the attorney general or an assistant attorney general." K.S.A. § 60-304(d)(5). Thus, proper service upon the University must be made on the President of the University, the attorney general or an assistant attorney general.

Where service is made upon the President of the University, personal delivery of the summons and complaint is required; service by mail does not comply with Rule 4(j)(2) and is ineffective. Oltremari v. Kan. Social & Rehabilitative Serv., 871 F. Supp. 1331, 1353 (D. Kan. 1994). In this case, plaintiff attempted service on the President of the University by certified mail,[1] not by personal delivery. Plaintiff has not attempted service by any method on the attorney general or assistant attorney general. The service of process is therefore insufficient.

The Court also notes that plaintiff has not attempted service by any method on the State of Kansas, the Kansas Board of Regents or John Doe numbers one through 10.

Under Rule 4(m), Fed. R. Civ. P., plaintiff is afforded 120 days from the filing of his complaint to effect proper service upon defendants. Here, plaintiff filed his complaint on April 27, 2006, see Complaint (Doc. #1), giving him until August 25, 2006, to properly serve each defendant. Plaintiff has failed to properly serve all defendants within this time limit. As an alternative to dismissal of the action, however, Rule 4(m) provides that the Court may "direct that service be effected within a specified time."

---

[1] Proof of service, as required under Rule 4(*l*), Fed. R. Civ. P., has not been made to the Court regarding the summons issued as to the University.

2

Accordingly, **on or before November 27, 2006, plaintiff shall properly serve all defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure, and file with the Court proper return of service.**

**IT IS THEREFORE ORDERED** that <u>Defendant Kansas State University's Fed. R. Civ. P. 12(b)(5) Motion To Dismiss</u> (Doc. #5) filed October 2, 2006 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that **on or before November 27, 2006**, plaintiff properly serve defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure, and file a return of service as to each defendant. If plaintiff does not do so, the Court will dismiss his action without further notice.

Dated this 27th day of October, 2006 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge
