IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JOHN GOIN,**             ) | |
|                            ) | |
|     **Plaintiff,**   ) | |
|                            ) | **CIVIL ACTION** |
| v.                         ) | |
|                            ) | **No. 06-2165-KHV** |
| **STATE OF KANSAS, et al.,** ) | |
|                            ) | |
|     **Defendants.**  ) | |
| _____) | |

### MEMORANDUM AND ORDER

Plaintiff brings suit against the State of Kansas, the Kansas Board of Regents, the Kansas State University of Agriculture and Applied Science ("the University") and John Does one through ten. Plaintiff alleges breach of contract and seeks money damages and a Master of Business Administration degree. This matter comes before the Court on Defendants' Motion To Dismiss (Doc. #25) filed December 18, 2006. Plaintiff has not responded to the motion, and for reasons stated below, the Court finds that it should be sustained.

### Legal Standards

Defendants seek to dismiss plaintiff's claim under Rules 12(b)(1) and (6), Fed. R. Civ. P., for lack of subject matter jurisdiction and failure to state a claim on which relief can be granted. Rule 12(b)(1) motions generally take the form of facial attacks on the complaint or factual attacks on the accuracy of its allegations. Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995) (citing Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990)). Defendants challenge the face of the complaint, so the Court presumes the accuracy of plaintiffs' factual allegations and does not consider evidence outside the complaint. Id.

Courts may exercise jurisdiction only when specifically authorized to do so, see Castaneda v.

INS, 23 F.3d 1576, 1580 (10th Cir. 1994), and must "dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." Scheideman v. Shawnee County Bd. of County Comm'rs, 895 F. Supp. 279, 280 (D. Kan. 1995) (citing Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974)); Fed. R. Civ. P. 12(h)(3). Because federal courts are courts of limited jurisdiction, the law imposes a presumption against jurisdiction. Marcus v. Kan. Dep't of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999). Plaintiff bears the burden of showing that jurisdiction is proper, see id., and must demonstrate that the case should not be dismissed, see Jensen v. Johnson County Youth Baseball League, 838 F. Supp. 1437, 1439-40 (D. Kan. 1993). Conclusory allegations of jurisdiction are not enough. Id.

A Rule 12(b)(6) motion should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997). The Court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences from those facts in favor of plaintiff. See Shaw v. Valdez, 819 F.2d 965, 968 (10th Cir. 1987). In reviewing the sufficiency of plaintiff's complaint, the issue is not whether plaintiff will prevail, but whether he is entitled to offer evidence to support his claims. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Although plaintiff need not precisely state each element of his claims, he must plead minimal factual allegations on those material elements that must be proved. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

**Factual Background**

Plaintiff's complaint is summarized as follows:

Plaintiff, a resident of North Carolina, is an experienced consultant in the chemical industry who obtained undergraduate degrees from the University. In January of 2000, plaintiff entered into an agreement with Heartland Works under the Job Training Partnership Act ("JTPA"), 29 U.S.C. § 1501 et seq.[1] In the agreement, Heartland Works agreed to fund plaintiff's education while he obtained a Master of Business Administration degree from the University.[2] The agreement intended that plaintiff would become a professor at the University's College of Commerce after he obtained his MBA, which he expected to receive in May of 2002. On two occasions prior to May of 2002, Dr. Diana Swanson expelled plaintiff from a course which the University required him to complete in order to obtain his MBA. Dr. Swanson wrongfully expelled him because she maintained a personal animus against him, and the University was aware of such animus.[3] Although he has completed satisfactory alternative course work, plaintiff's expulsion prevented him from obtaining his MBA.

Plaintiff claims that as a third-party beneficiary of the JTPA agreement, the University breached its obligation to provide him the educational opportunity necessary to obtain his MBA. Plaintiff seeks money damages and an MBA degree. Plaintiff alleges subject matter jurisdiction based on a federal

---

[1] The complaint refers to the *Joint* Training Partnership Act, which the Court assumes to be the *Job* Training Partnership Act. The JTPA has since been superseded by the Workforce Investment Act of 1998, 29 U.S.C. § 2801 et seq.

[2] Heartland Works is not a party to this action. Other than its role as a party to the JTPA agreement, the complaint does not explain its involvement in this matter.

[3] Plaintiff identifies John Does one through 10 as employees, agents or officers of the University who "directed, participated, implemented or ratified the acts giving rise to this Complaint."

question under 28 U.S.C. § 1331 and diversity of citizenship under 28 U.S.C. § 1332.[4]

## Analysis

As noted above, plaintiff sues for breach of contract. Defendants argue that the Court should dismiss his complaint under Rule 12(b)(1) for lack of subject matter jurisdiction, and under Rule 12(b)(6) for failure to state a claim.[5]

**I.    Plaintiff's Claims Against The State of Kansas, The Kansas Board Of Regents And The University**

Defendants argue that the Court lacks subject matter jurisdiction because they are entitled to sovereign immunity under the Eleventh Amendment. The Eleventh Amendment doctrine of sovereign immunity provides that nonconsenting states may not be sued by private individuals in federal court unless (1) the state consents to suit; (2) Congress expressly abrogates the state's immunity; or (3) the citizen sues a state official pursuant to Ex Parte Young, 209 U.S. 123 (1908).[6] Opala v. Watt, 454 F.3d 1154, 1157 (10th Cir. 2006) (citing Bd. of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001); J.B. ex rel Hart v. Valdez, 186 F.3d 1280, 1286 (10th Cir. 1999)). Sovereign immunity bars suits against states and their agencies for monetary and injunctive relief, see Ellis v. Univ. of Kan. Med.

---

[4]    The complaint incorrectly alleges diversity jurisdiction under 28 U.S.C. § 1337. The Court assumes that plaintiff intended to allege Section 1332 as his basis for diversity jurisdiction.

[5]    Defendants also argue that the complaint should be dismissed under Rule 12(b)(1) because plaintiff's claims do not involve a federal question. The Court does not consider this argument because even if the complaint has not alleged a federal question, it has alleged complete diversity of citizenship, which is sufficient to invoke subject matter jurisdiction under Section 1332.

[6]    In Ex Parte Young, the Supreme Court held that a state officer could be sued in federal court to prevent enforcement of an unconstitutional state law. 209 U.S. at 155-59. For Eleventh Amendment purposes, sovereign immunity does not apply where a private party sues a state officer for prospective injunctive or declaratory relief from an ongoing violation of the Constitution or federal laws. Robinson v. Kansas, 295 F.3d 1183, 1188 (10th Cir. 2002).

Ctr., 163 F.3d 1186, 1196 (10th Cir. 1998), and suits for money damages against state officials in their official capacities, see Ely v. Hill, 35 Fed. Appx. 761, 764 (10th Cir. 2002).  A valid claim of sovereign immunity strips the district court of subject matter jurisdiction, Kikumura v. Osagie, 461 F.3d 1269, 1299 (10th Cir. 2006); Harrell v. United States, 443 F.3d 1231, 1234 (10th Cir. 2006), including both diversity jurisdiction and federal question jurisdiction, LaFavre v. Kansas, 6 Fed. Appx. 799, 802 (10th Cir. 2001).

The State of Kansas is clearly entitled to sovereign immunity.  Similarly, the Kansas Board of Regents and the University are arms of the state and are entitled to sovereign immunity.  See Murray v. Colorado, 149 Fed. Appx. 772, 774-75 (10th Cir. 2005) (state board of regents protected by Eleventh Amendment); Watson v. Univ. of Utah Med. Ctr., 75 F.3d 569, 575 (10th Cir. 1996) (state universities consistently considered arms of the state under Eleventh Amendment).  Plaintiff has alleged no facts by which the Court might find that such immunity had been waived or abrogated, and the Court therefore lacks subject matter jurisdiction over plaintiff's claims against the State of Kansas, the Kansas Board of Regents and the University.  Accordingly, plaintiff's claims against those defendants are dismissed without prejudice under Rule 12(b)(1).

**II.     Plaintiff's Claims Against John Does One Through Ten**

The complaint does not specify whether plaintiff sues the John Doe defendants in their official or individual capacities.  Because the nature of liability sought to be imposed may become clear in the course of the proceedings without being specified in the complaint, see Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985), the Court will assume for purposes of the motion that plaintiff asserts both official and individual capacity claims.

### A.     Official Capacity Claims

Plaintiff's official capacity claims against John Does one through ten are treated as claims against the University. See id. at 165-66. They are therefore entitled to sovereign immunity against plaintiff's official capacity claims, except to the extent plaintiff may seek prospective relief for violations of the Constitution or federal law. Here, plaintiff seeks prospective relief (*i.e.* award of an MBA degree), but he seeks such relief based solely on an alleged breach of contract – a state law claim – and not from any violation of the Constitution or federal law, including the JTPA. See Jobs, Training & Servs., Inc. v. E. Tex. Council of Gov'ts, 50 F.3d 1318, 1326 (5th Cir. 1995) (statutory language and legislative history of JTPA indicate that Congress did not intend for JTPA contracts at state level to be creations of federal law that grant federal rights). Thus, plaintiff's official capacity claim for prospective relief is not excepted from the protection of the Eleventh Amendment, and John Does one through ten are entitled to sovereign immunity on plaintiff's official capacity claims. Plaintiff's official capacity claims against them are therefore dismissed without prejudice under Rule 12(b)(1).

### B.     Individual Capacity Claims

Plaintiff's individual capacity claims seek to impose personal liability on John Does one through ten. See Graham, 473 U.S. at 165. The Eleventh Amendment does not bar such claims. See Isham v. Wilcox, 10 Fed. Appx. 729, 731 (10th Cir. 2001). Although the Court may exercise jurisdiction over plaintiff's individual capacity claims, defendants argue that the complaint fails to state a claim because third-party beneficiaries cannot be held liable on a contract under Kansas law.

Under Kansas law, a breach of contract is a failure of performance of a duty arising under or imposed by agreement. Bender v. Kan. Secured Title & Abstract Co., 34 Kan. App.2d 399, 410, 119 P.3d 670, 678 (2005). Generally, privity of contract between plaintiff and defendant is essential to the

maintenance of a contract action, but where plaintiff and defendant lack privity – as is the case here – "Kansas law allows a qualified third-party beneficiary plaintiff to enforce a contract expressly made for his or her benefit even though he or she was not a party to the transaction." <u>Kansas ex rel. Stovall v. Reliance Ins. Co.</u>, 278 Kan. 777, 793, 107 P.3d 1219, 1230-31 (2005).  The rule that a third-party beneficiary may sue to enforce the underlying contract does not, however, appear to be reversible.

Here, plaintiff purports to bring an action for "breach of written contract by third-party beneficiary." He alleges that the University was a third-party beneficiary to his contract with Heartland Works, and therefore that the University is liable for failing to provide plaintiff the educational opportunity which he and Heartland Works contemplated. Even if plaintiff correctly identifies the University as a third-party beneficiary, and assuming that the University's third-party beneficiary status accrues to John Does one through ten who are University employees and officers, the complaint fails to state a claim under Kansas law.  As third-party beneficiaries, the University and its employees are not contractually liable under the terms of the agreement between plaintiff and Heartland Works. Accordingly, plaintiff's individual capacity claims against John Does one through ten are dismissed with prejudice under Rule 12(b)(6).

**IT IS THEREFORE ORDERED** that <u>Defendants' Motion To Dismiss</u> (Doc. #25) filed December 18, 2006 be and hereby is **SUSTAINED**.

Dated this 19th day of March, 2007 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge

7